# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MARK DAMON WILLIAMS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-98

(Case No. 2:05-cr-44)

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

More than eleven years ago, this Court sentenced Mark Damon Williams ("Williams") to 188 months' imprisonment under the Armed Career Criminal Act ("ACCA"). Williams, who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has now filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 149.)[1] Williams contends that the Court must resentence him following the United States Supreme Court's decision in Johnson v. United States, ___ U.S. at ___, 135 S. Ct. 2551 (June 26, 2015). However, Johnson only invalidated the ACCA's residual clause, and Williams has failed to demonstrate that the Court relied upon that clause during his sentencing proceedings. Moreover, even if the Court relied upon the residual clause at his sentencing, Williams' has sufficient predicate offenses to qualify as an armed career criminal, absent operation of the residual clause. Therefore, he is not entitled to relief under Johnson.

---

[1] The pertinent record documents in this case are filed on the docket of Williams' criminal case, United States v. Williams, 2:05-cr-44 (S.D. Ga. Nov. 2, 2005), and many are not included in Williams' civil docket. Thus, for ease of reference and consistency, the Court cites to Williams' criminal docket in this Order and Report and Recommendation.

For the reasons set forth more fully below, I **RECOMMEND** this Court **DISMISS in part** and **DENY in part** Williams' Motion to Vacate, Set Aside, or Correct his Sentence. (Doc. 149.) The Court should **DISMISS** Williams' claims that are not based on Johnson as untimely and should **DENY** Williams' Johnson-based arguments on the merits. Further, I **RECOMMEND** that the Court **DENY** Williams a Certificate of Appealability and *in forma pauperis* status on appeal and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Additionally, the Court **DISMISSES as moot** Williams' Motion of Judicial Notice, (doc. 154), and Motion for Status Report, (doc. 155).

## BACKGROUND

### I. The Armed Career Criminal Act

The Court typically begins its discussion of a matter by detailing the factual and procedural background of the case before it. However, the facts and history of Williams' case will be better understood by first discussing the federal statutes under which Williams was prosecuted and recent cases pertinent to those laws.

Federal law prohibits certain persons, including convicted felons, from shipping, possessing, or receiving firearms in or affecting interstate commerce. 18 U.S.C. § 922(g)(1). Ordinarily, an individual who violates this prohibition faces a statutory maximum sentence of ten years' imprisonment. 18 U.S.C. § 924(a). However, a statutory provision known as the "Armed Career Criminal Act" or "ACCA" imposes a higher mandatory minimum term of imprisonment for certain offenders. Any person who violates Section 922(g) and has on three or more occasions been convicted for a "serious drug offense" or "violent felony" will receive a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). "Serious drug offense" means "an offense under State law, involving manufacturing, distributing, or

possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii). The ACCA defines "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

The first prong of this definition, set forth in subsection (i), has come to be known as the "elements clause," while the crimes listed at the beginning of the subsection (ii), "burglary, arson, or extortion, or involves use of explosives," have come to be known as the "enumerated crimes." United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012). Finally, the last portion of subsection (ii), "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is commonly referred to as the "residual clause." Id.

In the landmark case of Johnson, ___ U.S. at ___, 135 S. Ct. at 2563, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" Thus, the Court struck down that portion of the ACCA. However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id. In Welch v. United States, ___ U.S. ___, 136 S. Ct.

3

1257, 1264–65 (Apr. 18, 2016), the Supreme Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review.

## II. Williams' Conviction and Sentencing

On November 2, 2005, a grand jury in this District returned a one-count Indictment alleging that Williams possessed a firearm as a convicted felon and an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 1.) The grand jury charged that Williams had accumulated several state felony convictions before his possession of a .357 caliber revolver on December 8, 2004. (Id.) The Indictment specifically listed four prior felonies: (1) an April 17, 1995, conviction for aggravated assault committed on October 25, 1994; (2) a September 15, 1997, conviction for possession of cocaine with intent to distribute committed on April 24, 1997; (3) a September 15, 1997, conviction for possession of cocaine with intent to distribute committed on July 23, 1997; and (4) an October 26, 1999, conviction for possession of cocaine with intent to distribute committed on September 23, 1999. (Id.) The Government's Penalty Certification filed at the commencement of the case stated that Williams faced a minimum term of imprisonment of fifteen years under the ACCA and a maximum of life imprisonment. (Doc. 2.) On September 7, 2006, after a trial, a jury found Williams guilty of the sole charge against him, possession of a firearm by a convicted felon in violation of the ACCA. (Doc. 115.)

Prior to Williams' sentencing hearing, United States Probation Officer Fonda Dixon prepared a Pre-Sentence Investigation report ("PSI"). Probation Officer Dixon detailed Williams' offense conduct and criminal history and calculated Williams' statutory penalties, as well as his advisory Guidelines' range. The PSI set forth a lengthy list of adult criminal convictions. (Doc. 148, ¶¶ 24–34.) Pertinently, Williams' criminal history included the following convictions: (1) a January 5, 1982, conviction in Cumberland County District Court,

Fayetteville, North Carolina, for committing assault inflicting serious injury on May 30, 1981; (2) an April 17, 1995, conviction in the Superior Court of Glynn County in Brunswick, Georgia, for committing aggravated assault by assaulting a victim with a knife on October 25, 1994; (3) a September 15, 1997, conviction in the Superior Court of Glynn County in Brunswick, Georgia, for possessing cocaine with intent to distribute on April 24, 1997;[2] (4) a September 15, 1997, conviction in the Superior Court of Glynn County in Brunswick, Georgia, for possessing cocaine with intent to distribute on July 23, 1997;[3] and (5) an October 26, 1999, conviction in the Superior Court of Glynn County in Brunswick, Georgia, for possessing cocaine with intent to distribute on October 26, 1999. (Id. at ¶¶ 24, 27, 29, 30, 32.) When calculating Williams' offense conduct, Probation Officer Dixon stated, "[T]he defendant has been convicted of assault inflicting serious injury, aggravated assault, and possession of cocaine with intent to distribute (convicted for three different offenses occurring separately from one another). Since the instant offense is a conviction for 18 U.S.C. §§ 924(e) and 922(g), the defendant is an armed career criminal within the meaning of U.S.S.G. § 4Bl.4." (Id. at ¶ 20.) The Probation Officer concluded that Williams' Guidelines' range was 188 to 235 months' imprisonment. (Id. at ¶ 57.)

Williams' counsel filed objections the PSI. (Id. at p. 15.) Pertinently, she objected that the Probation Officer included Williams' January 5, 1982, conviction for assault in the list of his career offender predicate offenses. (Id.) Williams' counsel argued that, unlike the other four predicate convictions listed in the PSI, this fifth conviction had not been included in the Indictment. (Id.) Probation Officer Dixon responded that, while the Indictment listed four offenses that supported Williams' armed career criminal enhancement, this fifth offense also

---

[2] This conviction arose out of a traffic stop where Williams was found to be in possession of approximately forty-two pieces of crack cocaine. (Doc. 148, ¶ 29.)

[3] This conviction arose out of an officer having found Williams to be in possession of two pieces of crack cocaine and cash during an investigation of drug sales at a motel. (Doc. 148, ¶ 30.)

5

supported the classification, and it was appropriate for the Court to consider all of the prior convictions which supported the armed career criminal designation. (Id.)

Williams appeared before the Honorable Anthony A. Alaimo for a sentencing hearing on December 18, 2006. (Doc. 126.) At that hearing, Judge Alaimo heard from Williams, Williams' counsel, and counsel for the Government. (Doc. 135-1.) Judge Alaimo asked Williams if he had any objections to the factual accuracy of the PSI, and Williams clarified that he was honorably discharged from the military. (Id. at pp. 3–4.) Williams also contested his guilt to the charge against him. (Id. at p. 4.) Williams' counsel objected that Williams' criminal history was being twice counted against him, as he had been convicted of being an armed career criminal and then given additional criminal history points under the Guidelines for the same criminal history. (Id. at p. 5.) Judge Alaimo overruled Williams' objection and incorporated the findings and statements in the addendum to the PSI. (Id.) Williams' counsel then argued for a sentence below the Guidelines' range. (Id. at pp. 6–9.) Counsel for the Government argued against this request and asked the Court to sentence Williams within the Guidelines. (Id. at pp. 9–11.) The Government's counsel laid out Williams' extensive criminal history to the Court, highlighting: his 1982 conviction for an assault inflicting serious injury with a knife; his 1985 arrest involving two pounds of marijuana; and "three other convictions from the 1990s for possession of cocaine with intent to distribute and another aggravated assault from the mid[-]1990s." (Id. at pp. 10–11.) The Government's counsel labeled Defendant's past as representing a "persistent record of drug dealing." (Id. at p. 11.)

Judge Alaimo determined that Williams' total Guidelines' offense level was 33 and criminal history category was IV, resulting in a sentencing range of 188 to 235 months' imprisonment. (Id.) After hearing from Williams and his counsel, Judge Alaimo sentenced

Williams to 188 months' imprisonment, the bottom of the Guidelines' range. (Id. at p. 14.) Judge Alaimo explained, "And the reason, of course, as has already been expressed here, is that he has been convicted of two prior violent felonies and four felony drug offenses, at least three of which qualify him as an armed career criminal." (Id. at p. 14.)

### III. Williams' Direct Appeal

Williams filed a direct appeal to the Court of Appeals for the Eleventh Circuit. On appeal, Williams argued that the Court erred by allowing the Government to cross examine an exculpatory witness regarding character evidence, by allowing the jury to view a videotape during deliberations of a police interview during which he made incriminating statements, and by refusing to order the Government to divulge the identity of a confidential informant. The Eleventh Circuit rejected Williams' arguments and affirmed his sentence. (Doc. 140.)

## DISCUSSION

Williams executed his instant Section 2255 Motion on June 23, 2016, and it was filed on June 27, 2016. (Doc. 149.) He contends that he does not have sufficient predicate offenses for operation of the ACCA in light of the Supreme Court's decision in Johnson. (Id. at p. 4.) Williams argues that his Georgia conviction for aggravated assault can no longer be considered a violent felony under the ACCA following the invalidation of the residual clause. (Doc. 149-1, pp. 4–6.) Additionally, he argues that two of his convictions for possession of cocaine with intent to distribute should be counted as one offense, as he was sentenced for those offenses on the same date. (Id. at p. 6.) The Government has responded to Williams' Motion, (doc. 152), and Williams has filed a Reply, (doc. 153).

**I.  Whether Williams Timely Filed his Motion**

To determine whether Williams timely filed his Motion, the Court must look to the applicable statute of limitations period. Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Williams was sentenced on December 18, 2006, and the Court entered final judgment on December 19, 2006. (Doc. 128.). Williams filed a Notice of Appeal, and the Eleventh Circuit entered judgment affirming his conviction and sentence on August 31, 2007. (Doc. 140.) Thus, Williams had until September 2, 2008, to file a timely Section 2255 motion.[4] 28 U.S.C. § 2255(f)(1). Williams did not execute his Section 2255 Motion until June 23, 2016, which was nearly eight years after the expiration of the applicable statute of limitations period. Consequently, absent some exception, Williams' Motion is untimely under Section 2255(f)(1).

---

[4] One year after August 31, 2017, was a Saturday, and the following Monday was a legal holiday. Thus, Williams had until the next business day to file a timely Section 2255 Motion. Fed. R. Crim. P. 45(a)(1)(C); Fed. R. Civ. P. 6(a)(1)(C).

Williams does not argue that he is entitled to equitable tolling or to the statute of limitations periods set forth in Sections 2255(f)(2) or (4). Rather, he argues that he timely filed his Motion under Section 2255(f)(3) because Johnson is a new rule of constitutional law made retroactive to cases on collateral review. (Doc. 149, p 10) Indeed, in Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257 (Apr. 18, 2016), the Supreme Court held that Johnson is a substantive decision which applies retroactively to cases on collateral review. Williams executed this Motion within one year of the Supreme Court's decision in Johnson. Because Williams asserts a right newly recognized by the Supreme Court in Johnson, Section 2255(f)(3) allows Williams to assert those Johnson-related claims at this time. Nonetheless, as discussed in Section II below, Williams' Johnson-based claims lack merit.

Though Williams' Johnson claims are timely, he cannot use those claims to open the door to other non-Johnson claims. Zack v. Tucker, 704 F.3d 917, 922–26 (11th Cir. 2013) (habeas limitations periods apply on a claim-by-claim basis). In Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017), a Section 2255 movant challenged his ACCA sentence partly based on Johnson and partly on other grounds. The Eleventh Circuit found that, though the movant's Johnson claims were timely under Section 2255(f)(3), his claims based on principles and precedent other than Johnson were not. Beeman, 871 F.3d at 1220. Thus, the Court affirmed the dismissal of those claims. Id. Consequently, regardless of the timeliness of Williams' Johnson claims, the Court must dismiss his other claims, including his argument that his serious drug offenses should have been counted as one offense. Williams did not raise this claim until far after expiration of Section 2255(f)'s statute of limitations period, and he provides no grounds for excusing his untimeliness.

For all of these reasons, the Court should **DISMISS** Williams' claims that are not based on Johnson as untimely.

## II. Whether Williams is Entitled to Relief Under Johnson

To obtain relief on his Johnson claims, Williams must show:

(1) [] the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) [] there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

Id. at 1221–22. Williams cannot meet either of these two requirements.

As to the first requirement—that Williams prove the Judge Alaimo relied upon the residual clause— Beeman is again instructive. Like Williams does in this this case, the Section 2255 movant in Beeman argued that the sentencing court improperly relied upon his Georgia aggravated assault conviction to sentence him under the ACCA. Id. at 1218. The movant argued that the Johnson decision invalidated his ACCA sentences, because his conviction for aggravated assault would have qualified as a violent felony under the residual clause of the ACCA. Id. However, the movant had not pointed to anything in the record suggesting that the district court actually relied on the residual clause at sentencing. Id. at 1224. Instead, he argued in conclusory fashion that the sentencing judge must have relied upon the residual clause and that aggravated assault convictions had historically qualified as ACCA predicate offenses under the residual clause. Id. The Eleventh Circuit rejected this argument and held that the movant failed to carry his burden of proof and persuasion. Because the record was unclear, the movant's claim was rejected. Id.

Similarly, Williams has not cited to any evidence that Judge Alaimo solely relied upon the ACCA's residual clause when finding that Williams' Georgia aggravated assault conviction

qualified as a violent felony. Additionally, the Court's review of the record does not establish that the residual clause played a part in Williams' sentencing. (Doc. 135.) At the sentencing hearing, neither the Court nor counsel referred to the residual clause, paraphrased the residual clause, or engaged in any discussion or analysis pertinent to the residual clause. Additionally, the Probation Officer did not refer to the residual clause when concluding that Williams' Georgia aggravated assault conviction qualified as an ACCA predicate. Even if the record were silent as to whether Judge Alaimo counted Williams' conviction under the residual clause, "where the evidence does not clearly explain what happened, the party with the burden loses." Beeman, 871 F.3d at 1225; see also Oxner v. United States, No. 16-17036, 2017 WL 6603584, at *3 (11th Cir. Dec. 27, 2017) (affirming denial of Johnson relief to Section 2255 movant who conceded that record was silent as to whether sentencing court counted conviction under residual clause or enumerated crimes clause). Williams has not carried his burden to prove that Judge Alaimo relied on the residual clause—solely or otherwise—when sentencing him under the ACCA.

Moreover, even if Williams had proven that Judge Alaimo relied upon the residual clause when finding his Georgia aggravated assault conviction to be a violent felony under the ACCA, Williams has failed to prove that he does not have at least three other ACCA predicate convictions. As an initial matter, Williams does not challenge his January 5, 1982, North Carolina conviction for assault inflicting serious injury. The record is clear that Probation Officer Dixon, counsel for the Government, and, most importantly, Judge Alaimo, included this conviction amongst those which supported Williams' career offender classification. (Doc. 148, ¶ 20 & p. 15; Doc. 135-1, pp. 10–11, 14.) When explaining Williams' ACCA sentence, Judge Alaimo stated, "[H]e has been convicted of two prior violent felonies." (Doc. 135-1, p. 14.)

However, in his Section 2255 Motion, Williams only argues that his Georgia aggravated assault conviction cannot be considered an ACCA violent felony after Johnson. (Doc. 149-1, pp. 4–6.)

Moreover, regardless of his record of violent felonies, the record is abundantly clear that Williams had three convictions for "serious drug offenses" under the ACCA. Prior to his sentencing, Williams had obtained: (1) a September 15, 1997, conviction for possession of cocaine with intent to distribute committed on April 24, 1997; (2) a September 15, 1997, conviction for possession of cocaine with intent to distribute committed on July 23, 1997; and (3) an October 26, 1999, conviction for possession of cocaine with intent to distribute committed on September 23, 1999. (Doc. 148, ¶¶ 29, 30, 32.) Williams does not dispute that each of these convictions was for "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii). Nor could he plausibly do so. See O.C.G.A. §§ 16-13-30(b) & (d).

Rather, Williams contends without any clear explanation that, because he was sentenced for two of these crimes on the same date, they should be counted as one conviction. (Doc. 149-1, p. 6.) As an initial matter, as set forth in Section I above, this claim is barred by Section 2255(f)'s statute of limitations. Moreover, even if this claim were not untimely, it is unavailing. The ACCA only requires that predicate offenses be "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). While Williams was convicted and sentenced of two drug offenses on the same date, his commission of those offenses was separated by three months. (Doc. 148, ¶¶ 29, 30, 32.) Under the plain language of the ACCA, Williams was convicted of a sufficient amount of "serious drug offenses" to earn his armed career criminal designation.[5]

---

[5] Furthermore, even if two of his three serious drug offenses could be combined as Williams argues, he would still have two convictions for serious drug offenses. When added to his 1982 North Carolina

For these reasons, the Court should **DENY** Williams' Motion on the merits.

## III.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Williams leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Williams has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (Emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

conviction for assault inflicting serious injury, Williams would have a sufficient amount of ACCA predicate offenses. In other words, even if the Court agreed with Williams' arguments and found that his Georgia aggravated assault conviction is not a violent felony after Johnson and he only has two serious drug offenses, he would still have three valid predicate convictions (one violent felony and two serious drug offenses) to support his ACCA sentence.

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Williams' pleadings and the Government's Response and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Williams a Certificate of Appealability, Williams is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Williams *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** this Court **DISMISS in part** and **DENY in part** Williams' Motion to Vacate, Set Aside, or Correct his Sentence. (Doc. 149.) The Court should **DISMISS** Williams' claims that are not based on Johnson as untimely and should **DENY** Williams' Johnson-based arguments on the merits. Further, I **RECOMMEND** that the Court **DENY** Williams a Certificate of Appealability and *in forma pauperis* status on appeal and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Additionally, the Court **DISMISSES as moot** Williams' Motion of Judicial Notice, (doc. 154), and Motion for Status Report, (doc. 155).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Williams and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of February, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA